```
              UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF COLUMBIA
```

VLADIMIR MOUTAFOV,                    )
                                      )
        Plaintiff,                    )
                                      )
        v.                            )   Civil No. 05-1860 RMC
                                      )
MICHAEL CHERTOFF, SECRETARY,          )
  U.S. DEPARTMENT OF HOMELAND         )
  SECURITY, et al.,                   )
                                      )
        Defendants.                   )
                                      )

## DEFENDANTS' MOTION TO DISMISS

Pursuant to Fed. R. Civ. P. 12(b)(1) and (6), defendants, by and through undersigned counsel, respectfully move to dismiss the Complaint in its entirety as moot. In support of this motion, defendants submit the attached Memorandum of Points and Authorities.

Respectfully submitted,

_____
KENNETH L. WAINSTEIN, D.C. BAR # 451058
United States Attorney


_____
R. CRAIG LAWRENCE, D.C. BAR # 171538
Assistant United States Attorney


_____
MARINA UTGOFF BRASWELL, D.C. BAR #416587
Assistant United States Attorney
U.S. Attorney's Office
555 4th Street, N.W. - Civil Division
Washington, D.C. 20530
(202) 514-7226

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| VLADIMIR MOUTAFOV, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
|     v. | ) Civil No. 05-1860 RMC |
| | ) |
| MICHAEL CHERTOFF, SECRETARY, | ) |
|   U.S. DEPARTMENT OF HOMELAND | ) |
|   SECURITY, et al., | ) |
| | ) |
|     Defendants. | ) |
| | ) |

BACKGROUND

Plaintiff filed suit seeking to compel the United States Citizenship and Immigration Services to grant his application for lawful permanent resident status. On September 28, 2005, this Court entered a preliminary injunction against defendants, requiring them to make a decision on plaintiff's application before midnight on September 30, 2005. Significantly, this Court did not direct defendants to make a particular type of decision -- only to make a decision before the time period for acting on plaintiff's application lapsed. It is undisputed that had that time period lapsed, the effect on plaintiff would have been the same as a denial of his application.

On September 30th at approximately 2:30 p.m. plaintiff's application was granted. See Docket No. 6.

Although nothing remains to be adjudicated in this case, plaintiff's counsel informed defense counsel that they would not

agree to dismiss the case and that this motion based on mootness will be opposed. Nonetheless, because plaintiff has received the lawful permanent resident status he sought, this case no longer contains a live controversy for this Court to adjudicate.

ARGUMENT

It is well settled that under Article III of the Constitution, courts have limited jurisdiction and must ensure that they have authority to hear a case before deciding the merits of the claims raised. Steel Co. v. Citizens for a Better Environment, 523 U.S. 83 (1998); Wyoming Outdoor Council v. United States Forest Service, 165 F.3d 43, 47 (D.C. Cir. 1999). An analysis of the mootness of plaintiff's claims begins with the familiar proposition that "federal courts are without power to decide questions that cannot affect the rights of litigant in the case before them. " North Carolina v. Rice, 404 U.S. 244, 246 (1971); Southern Co. Services, Inc. v. FERC, 416 F.3d 39, 43 (D.C. Cir. 2005) ("mootness [] is a 'threshold jurisdictional issue.'"). The federal courts' inability to consider moot cases "derives from the requirement of Article III of the Constitution under which the exercise of judicial power depends upon the existence of a case or controversy." Liner v. Jafco, Inc., 375 U.S. 301, 306 n.3 (1964); Honig v. Doe, 484 U.S. 305, 317 (1988). The Court must be presented with a "definite and concrete" problem that "touch[es] the legal relations of parties having

adverse legal interests." DeFunis v. Odegaard, 416 U.S. 312, 317 (1974) (per curiam), quoting Aetna Life Ins. Co., v. Haworth, 300 U.S. 227, 240-41 (1937).  A court is not empowered to "'give opinions upon moot questions or abstract propositions, or . . . declare principles or rules of law which cannot affect the matter at issue in the case before it." Beethoven.Com LLC v. Librarian of Congress, 394 F.3d 939, 950 (D.C. Cir. 2005) quoting Mills v. Green, 159 U.S. 651, 653 (1895).

The Court of Appeals for this Circuit has emphasized the requirement that a concrete controversy exist at every stage of the litigation.  As the Court stated:

> Thus, '[e]ven where litigation poses a live controversy when filed, the [mootness] doctrine requires a federal court to refrain from deciding it if "events have so transpired that the decision will neither **presently affect the parties' rights** nor have a more-than-speculative chance of affecting them in the future."'

Columbian Rope Company v. West, 142 F.3d 1313, 1316 (D.C. Cir. 1998) (emphasis added), quoting Clarke v. United States, 915 F.2d 699, 701 (D.C. Cir. 1990) (en banc) (quoting Transwestern Pipeline Co. v. FERC, 897 F.2d 570, 575 (D.C. Cir. 1990)).  "If events outrun the controversy such that a court can grant no meaningful relief, the case must be dismissed as moot." McBride v. Comm. to Review, 264 F.3d 52, 55 (D.C. Cir. 2001).

These decisions compel the conclusion that this action is moot.  Plaintiff cannot demonstrate that he is currently suffering some actual injury that can be redressed by a favorable

3

judicial decision with respect to the claims raised in the Complaint, and thus there is no current controversy between plaintiff and defendants for this Court to adjudicate.  See also Valley Forge Christian College v. Americans Untied For Separation of Church and State, Inc., 454 U.S. 464, 472 (1982) (party seeking to invoke Court's jurisdiction must show that it has suffered actual or threatened injury traceable to defendant's conduct which can be redressed by favorable decision).

Plaintiff brought this lawsuit to obtain a decision on his application for lawful permanent resident status.  He obtained a favorable decision and his application was granted on September 30, 2005.  See Docket No. 6.  There is nothing left in this case to for this Court to decide.

As the Court of Appeals for this Circuit stated in Safe Energy Coalition v. Nuclear Regulatory Comm'n, 866 F.2d 1473, 1476 (D.C. Cir. 1989), "[a] case is rendered moot when events so unfold as to preclude the possibility of meaningful relief." This is now the situation in the instant case with respect to plaintiff's claims.  Accordingly, plaintiff's claims against defendant should be dismissed as moot.

4

CONCLUSION

For the foregoing reasons, defendants submit that this case should be dismissed with prejudice, as moot.

Respectfully submitted,

_____
KENNETH L. WAINSTEIN, D.C. BAR # 451058
United States Attorney


_____
R. CRAIG LAWRENCE, D.C. BAR # 171538
Assistant United States Attorney


_____
MARINA UTGOFF BRASWELL, D.C. BAR #416587
Assistant United States Attorney
U.S. Attorney's Office
555 4th Street, N.W. - Civil Division
Washington, D.C. 20530
(202) 514-7226

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

VLADIMIR MOUTAFOV,                     )
                                       )
         Plaintiff,                    )
                                       )
     v.                                )  Civil No. 05-1860 RMC
                                       )
MICHAEL CHERTOFF, SECRETARY,           )
  U.S. DEPARTMENT OF HOMELAND          )
  SECURITY, et al.,                    )
                                       )
         Defendants.                   )
                                       )

## ORDER

Upon consideration of defendants' motion to dismiss, plaintiff's opposition, and the entire record, and it appearing to the Court that plaintiff's claims in this case are now moot, it is hereby

ORDERED that defendants' motion to dismiss be, and it is, granted; and it is further

ORDERED that this case be, and it is, dismissed.

_____
UNITED STATES DISTRICT JUDGE

Marina Utgoff Braswell
Assistant U.S. Attorney
U.S. Attorney's Office
555 4th Street, N.W.
Washington, D.C. 20530

Thomas A. Elliot, Esq.
Elliot & Maycock
1629 K Street, N.W.
Suite 1250
Washington, D.C. 20006