IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| VLADIMIR MOUTAFOV, ) | |
| ) | |
| Plaintiff, ) | Case No.  05-1860 RMC |
| v. ) | |
| ) | |
| MICHAEL CHERTOFF, Secretary, ) | |
| U.S. Department of Homeland Security, et al. ) | |
| ) | |
| Defendants. ) | |
| _____) | |

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES
IN RESPONSE TO DEFENDANTS' MOTION TO DISMISS**

Pursuant to Fed. R. Civ. P. 12(b) and 56, and LCvR 7(b), the Plaintiff, VLADIMIR MOUTAFOV, by his attorney, Thomas A. Elliot, respectfully submits the following memorandum of points and authorities in response to the Defendants' Motion to Dismiss the above-captioned case.  Defendants have moved for dismissal of the case in its entirety, with prejudice, as moot.  Plaintiff does not oppose dismissal on the basis that no actual, ongoing controversy remains to be litigated.  However, Plaintiff requests that the Court's order of dismissal acknowledge that Plaintiff prevailed on the underlying Complaint and was granted the requested relief.

FACTS AND PROCEDURAL HISTORY

On September 21, 2005, Plaintiff filed a Verified Complaint for Mandamus and Declaratory Judgment, requesting that this Court order Defendants to immediately process his visa application made under the 2005 Diversity Visa Immigrant Visa Program and adjudicate his application for adjustment of status.  The Court conducted a hearing on September 27, 2005, during which Defendants' counsel opposed an injunction to compel adjudication of Plaintiff's adjustment of status application prior to the September 30,

2005 statutory deadline. On September 28, 2005 the Court granted Plaintiff's motion for preliminary injunction and ordered Defendants to take all appropriate action to immediately and expeditiously complete adjudication of Plaintiff's application for adjustment of status, by no later than midnight on September 30, 2005.

On September 29, 2005, at 3:00 p.m., Plaintiff appeared as ordered before an officer of Defendant U.S. Citizenship and Immigration Services ("USCIS") and was re-interviewed on his application for adjustment of status. Plaintiff's interview lasted approximately five hours, during which time he responded to all questions posed by the USCIS officer and provided all requested documentary materials.

On September 30, 2005, at approximately 3:15 p.m., Plaintiff's counsel was contacted by USCIS Deputy District Director Susan Dibbins, who indicated that a decision had been made and that Plaintiff's application for adjustment of status would be approved. Plaintiff's counsel was subsequently contacted by Defendants' counsel, Assistant United States Attorney Marina Braswell, who confirmed that Plaintiff's adjustment application had been approved. Plaintiff has since received his Permanent Resident Card from USCIS, confirming that he is a lawful permanent resident of the United States.

## ARGUMENT

Defendants have moved this Court to dismiss Plaintiff's case as moot. In light of Defendants' compliance with this Court's preliminary injunctive order, culminating in the adjudication of Plaintiff's application for adjustment of status prior to the September 30, 2005 deadline and the issuance of a decision granting him permanent resident status, Plaintiff concurs that there remains in this matter no existing case or controversy. See

Honig v. Doe, 484 U.S. 305, 317 (1988) (holding that a federal court is authorized only to adjudicate "actual, ongoing controversies"); see also Columbian Rope Co. v. West, 142 F.3d 1313, 1316 (D.C. Cir. 1998). Consequently, Plaintiff does not oppose dismissal of his complaint as moot. See McBryde v. Comm. to Review, 264 F.3d 52, 55 (D.C. Cir. 2001) ("If events outrun the controversy such that the court can grant no meaningful relief, the case must be dismissed as moot."); see also Beethoven.com LLC v. Librarian of Congress, 394 F.3d 939, 950 (D.C. Cir. 2005) ("[I]f an event occurs while a case is pending on appeal that makes it impossible for the court to grant 'any effectual relief whatever' to a prevailing party, the appeal must be dismissed.").

Notwithstanding, Plaintiff requests that the Court state in its Order that dismissal is appropriate because Plaintiff prevailed in his complaint for injunctive relief, and because Defendants ultimately granted his application for adjustment of status.

>Respectfully submitted,

>ELLIOT & MAYOCK

>_____
>Thomas A. Elliot

>1629 K Street, N.W., Suite 1250
>Washington, DC  20006
>(202) 429-1725
>DC Bar No. 259713

>Attorney for Plaintiff

3