UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| VLADIMIR MOUTAFOV, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil No. 05-1860 RMC |
| | ) |
| MICHAEL CHERTOFF, SECRETARY, | ) |
| U.S. DEPARTMENT OF HOMELAND | ) |
| SECURITY, <u>et al</u>., | ) |
| | ) |
| Defendants. | ) |
| | ) |

DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE
TO DEFENDANTS' MOTION TO DISMISS

Plaintiff concedes that this case is now moot and he does not oppose dismissal on this basis. Therefore, apparently, defendants' motion to dismiss on such grounds has been unnecessarily litigated.

Plaintiff, however, asks this Court to include in its order of dismissal a statement that plaintiff has "prevailed on the underlying Complaint." Plaintiff's Response at 1. This request presumably stems from plaintiff's intent to seek attorney's fees. Apparently plaintiff believes that this Court should make a finding of prevailing party status before plaintiff even requests attorney's fees, and before defendants are given the opportunity to put forth their position on the issue. Such a tactic plainly puts the cart before the horse. Plaintiff must first actually seek attorney's fees, and confer with defendants on the issue prior to filing any such motion, <u>see</u> Local Rule 7(m), before this

Court could even conceivably be called upon to address the issue of prevailing party status.

Moreover, plaintiff is wrong when he claims that he is entitled to have this Court declare him a "prevailing party" on the grounds that he "was granted the requested relief." Plaintiff's Res. at 1.  To the contrary, he was not awarded the relief he requested.

In the Complaint plaintiff requested that this Court issue an order requiring defendants to complete processing his adjustment of status application, including processing his fingerprints, issuing and reserving a visa number for him and issuing him a permanent visa.  Complaint, at p. 14.  Plaintiff also requested that, alternatively, if a visa was not issued before September 30, 2005, this Court order defendants to reserve a visa number for him that would not expire on September 30, 2005.  Plaintiff also asked this Court to issue a declaratory judgment holding that no just grounds existed to deny plaintiff permanent resident status.  Id.  Plaintiff failed to achieve almost all of this.

Rather, by Order dated September 28, 2005, this Court ordered defendants to adjudicate plaintiff's application for an adjustment of status before midnight September 30, 2005.  This Court did not include in that order any directives at to what steps were required to be taken to adjudicate plaintiff's application or, more importantly, what the outcome of the

application should be.  Thus, contrary to plaintiff's claim, he certainly is not a prevailing party on the grounds that he was granted the relief he requested in the Complaint.  Thus, there is no basis for this Court to declare plaintiff to be a prevailing party on the grounds set forth by plaintiff.  Moreover, any such determination would be premature at this point.

If plaintiff wants to seek attorney's fees the appropriate step is to contact defense counsel on the issue, rather than attempt to sneak the issue in the back door in a manner such as this.  Defendants submit that this Court should not countenance such an approach.

## CONCLUSION

For the foregoing reasons, defendants submit that this case should be dismissed as moot, without any reference as to whether plaintiff is a prevailing party.

Respectfully submitted,

---

KENNETH L. WAINSTEIN, D.C. BAR # 451058
United States Attorney

---

R. CRAIG LAWRENCE, D.C. BAR # 171538
Assistant United States Attorney

---

MARINA UTGOFF BRASWELL, D.C. BAR #416587
Assistant United States Attorney
U.S. Attorney's Office
555 4th Street, N.W. - Civil Division
Washington, D.C. 20530
(202) 514-7226

Case 1:05-cv-01860-RMC    Document 10    Filed 12/06/2005    Page 4 of 4