UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

VLADIMIR MOUTAFOV,                         )
                                          )
          Plaintiff,                       )
                                          )
          v.                              )     Civil No. 05-1860 RMC
                                          )
MICHAEL CHERTOFF, SECRETARY,               )
  U.S. DEPARTMENT OF HOMELAND              )
  SECURITY, <u>et</u> <u>al</u>.,          )
                                          )
          Defendants.                      )
──────────────────────────────            )

DEFENDANTS' REPLY TO PLAINTIFF'S MOTION FOR
LEAVE TO FILE RESPONSE TO DEFENDANTS' REPLY TO
<u>PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS</u>

Defendants will not move to strike plaintiff's motion for leave to file a response to defendant's reply, notwithstanding the fact that plaintiff's counsel failed to confer with defense counsel on this motion as required by LCvR 7(m), as adjudication of such a motion in this case would be a colossal waste of judicial resources. Suffice to say that in plaintiff's [sur] reply he does not deny that he seeks a decision from this Court that he substantially prevailed in this litigation, and that such a determination in effect decides one issue plaintiff must demonstrate in connection with any request for attorney's fees. <u>See</u> Defendant's Reply at 1; <u>e.g.</u>, <u>Hensley</u> v. <u>Eckerhart</u>, 461 U.S. 424, 433 (1983) (to be awarded attorney's fees a party must demonstrated he or she substantially prevailed in the litigation). Since plaintiff has not moved for attorney's fees,

as he must to have the issue decided by the Court, <u>see</u> Fed. R. Civ. P. 7(b), such a determination would be premature and should not be included in any order of dismissal.  This is especially true as plaintiff's status as a "prevailing party ", which is a term of art, is by no means certain, given that the case is now moot and thus will result in no judgment against defendant. <u>Buckhannan Bd. & Care Home, Inc.</u> v. <u>West Virginia Dep't of Health and Human Services</u>, 532 U.S. 598, 603-04 (2001).

Defendant does not cite the foregoing case to engender another round of briefing by plaintiff on his status as a prevailing party and is not asking this Court to find that plaintiff was not a prevailing party.  Defendant merely cites this case to demonstrate that this issue should not be decided in an order of dismissal, without the benefit of any briefing by the parties on the issue.  And such briefing would be inappropriate prior to a motion by plaintiff for attorney's fees, following a

dismissal of this case on the merits.    <u>See</u> LCvR 54.2 (procedures

for determination of attorney's fees).

Respectfully submitted,

_____

KENNETH L. WAINSTEIN, D.C. BAR # 451058
United States Attorney

_____

R. CRAIG LAWRENCE, D.C. BAR # 171538
Assistant United States Attorney

_____

MARINA UTGOFF BRASWELL, D.C. BAR #416587
Assistant United States Attorney
U.S. Attorney's Office
555 4th Street, N.W. - Civil Division
Washington, D.C. 20530
(202) 514-7226