IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

VLADIMIR MOUTAFOV,            )
                              )
                   Plaintiff, )    Case No. 05-1860 RMC
        v.                    )
                              )
MICHAEL CHERTOFF, Secretary,  )
U.S. Department of Homeland Security, et al.  )
                              )
                   Defendants.)
_____)

**PLAINTIFF'S RESPONSE TO DEFENDANTS' REPLY
TO PLAINTIFF'S RESPONSE TO DEFENDANTS'
MOTION TO DISMISS**

With leave of this Honorable Court, the Plaintiff, VLADIMIR MOUTAFOV, by his attorney, Thomas A. Elliot, respectfully submits the following response to the Defendants' Reply to the Plaintiff's Response to the Defendants' Motion to Dismiss ("Gov't Reply") in the above-captioned case. The Government's most recent filing is replete with mischaracterizations and *ad hominem* arguments, which call for correction and clarification.

The Defendants' Reply disingenuously attempts to confuse the basis for dismissal of this suit. The instant case is no longer "in controversy" for the simple reason that the Plaintiff obtained the relief he was seeking, by means of a preliminary injunction that was granted by the Court over the Defendants' objections. There is a meaningful difference between dismissal for failure to present a case in controversy and dismissal because the Plaintiff prevailed and was granted relief, which rendered the case moot. In fairness to the Plaintiff, this distinction deserves to be acknowledged. Thus, the Defendants' charge

that the Plaintiff has "unnecessarily litigated" this matter, by electing to file a response to the Government's motion to dismiss, is a clear mischaracterization. Gov't Reply at 1.

Furthermore, the Defendants' assertion that the Plaintiff "failed to achieve almost all of" his goals in the underlying litigation is plainly inaccurate. Gov't Reply at 2. As the Government is well aware, this Court granted the Plaintiff's motion for preliminary injunction and ordered the Defendants to take all appropriate action to immediately and expeditiously complete adjudication of his adjustment of status application within the statutory deadline. The Plaintiff's application was adjudicated and he was granted the relief sought, adjustment of status to lawful permanent residence. The alternative forms of relief requested by the Plaintiff, to which the Defendants refer in their reply, were not triggered because the principal relief sought was granted.

Finally, the Defendants accuse the Plaintiff of advancing a premature request for attorney's fees and of disregarding the correct procedure for making such a claim, and they urge the Court to "not countenance such an approach." Gov't Reply at 3. In his original Complaint, the Plaintiff requested reasonable attorneys' fees and costs of court under the Equal Access to Justice Act, and he will pursue that request according to the proper procedures at the appropriate time, following issuance of a final judgment in these proceedings. Contrary to the Government's allegations, the Plaintiff has no interest in "put[ting] the cart before the horse" or "attempt[ing] to sneak the issue in the back door." Gov't Reply at 1, 3. Such *ad hominem* attacks do not advance the case, and they do nothing to aid the Court in resolving the matter presently before it.

Respectfully submitted,

ELLIOT & MAYOCK

_____
Thomas A. Elliot

1629 K Street, N.W., Suite 1250
Washington, DC  20006
(202) 429-1725
DC Bar No. 259713

Attorney for Plaintiff

3