IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| VLADIMIR MOUTAFOV, )<br>)<br>    Plaintiff, )<br>v. )<br>)<br>MICHAEL CHERTOFF, Secretary, )<br>U.S. Department of Homeland Security, et al. )<br>)<br>    Defendants. )<br>_____ ) | Case No. 05-1860 RMC |

**PLAINTIFF'S APPLICATION FOR ATTORNEYS' FEES AND COSTS UNDER THE EQUAL ACCESS TO JUSTICE ACT ("EAJA"), 28 U.S.C. § 2412**

Pursuant to Fed. R. Civ. P. 54(d) and LCvR 54.1 and 54.2, the Plaintiff, VLADIMIR MOUTAFOV, by his attorney, Thomas A. Elliot, respectfully submits the following application for attorneys' fees and costs under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. The Plaintiff is the prevailing party in the above-captioned suit, in which the position of the Defendants, who are officials and agencies of the United States Government, was not substantially justified. Accordingly, the Plaintiff is entitled to be awarded reasonable attorneys' fees and expenses, as well as costs, under the EAJA.

**I.   STATUTORY AUTHORITY**

The Equal Access to Justice Act provides, in relevant part, as follows:

Unless expressly prohibited by statute, a court may award reasonable fees and expenses of attorneys, in addition to the costs which may be awarded pursuant to subsection (a), to the prevailing party in any civil action brought by or against the United States or any agency or any official of the United States acting in his or her official capacity in any court having jurisdiction of such action. The United States shall be liable for such fees and expenses to the same extent that any other party would be liable under the common law or under the terms of any statute which specifically provides for such an award.

28 U.S.C. §§ 2412(b). Subsection (a) of § 2412, in turn, provides that

> . . . a judgment for costs . . . may be awarded to the prevailing party in any civil action brought by or against the United States or any agency or any official of the United States acting in his or her official capacity in any court having jurisdiction of such action. A judgment for costs when taxed against the United States shall, in an amount established by statute, court rule, or order, be limited to reimbursing in whole or in part the prevailing party for the costs incurred by such party in the litigation.

28 U.S.C. § 2412(a). Pursuant to LCvR 54.1, the Plaintiff is submitting herewith his itemized claim for costs, in conjunction with his claim for attorneys' fees under the EAJA, Fed. R. Civ. P. 54(d), and LCvR 54.2. *See* LCvR 54.1(f).

## II.     JURISDICTION

This Court has jurisdiction over the Plaintiff's EAJA fee application because the Court had jurisdiction over the underlying substantive decision in this case. *See* 28 U.S.C. § 2412(d)(1)(A) (court may award fees or expenses incurred by petitioning party in any civil action where it is the "court having jurisdiction of that action").

## III.    TIMELINESS

An application for EAJA fees must be filed within 30 days of the final judgment of the underlying substantive action. 28 U.S.C. § 2412(d)(1)(B). In United States District Court cases, a party has 60 days following entry of the judgment or order in which to file an appeal. Fed. R. App. P. 4(a)(1)(B). If no appeal is taken, the judgment becomes final. *See, e.g.*, *Al-Harbi v. INS*, 284 F.3d 1080, 1084 (9th Cir. 2002) ("final judgment" is "the date on which a party's case has met its final demise, such that there is no longer any possibility that the district court's judgment is open to attack."). An EAJA application must be filed within 30 days of this final judgment, or 90 days from entry of the Court's order. 28 U.S.C. § 2412(d)(1)(B); *see, e.g.*, *United States v. J.H.T., Inc.*, 872 F.2d 373, 375 (11th Cir. 1989) (holding that to be timely, the EAJA application for

2

district court fees must be filed within ninety days, that is, thirty days beyond the sixty-day appeal period).

In the case at bar, an order granting the Defendants' motion to dismiss was entered on April 13, 2006. Neither party appealed the Court's order and it consequently became a final judgment on June 12, 2006. Thus, the deadline for filing an EAJA application is July 12, 2006. The Plaintiff's EAJA fee application is timely.

In addition, pursuant to LCvR 54.1(a), a bill of costs must be filed by the party seeking costs within 20 days after entry of judgment terminating the case. In the case at bar, the bill of costs must be filed within 20 days of June 12, 2006, or by July 3, 2006. The Plaintiff's bill of costs is timely submitted herewith.

## IV.    ELIGIBILITY FOR EAJA FEES AND COSTS

### A.    Eligible Party for EAJA Purposes

The Plaintiff is an eligible party for EAJA purposes, as he is an individual whose net worth is not more than $2,000,000.00 at the time that the underlying lawsuit was filed. 28 U.S.C. § 2412(d)(2)(B).

### B.    Prevailing Party for EAJA Purposes

An applicant for EAJA fees and costs must demonstrate that he is the "prevailing party" in the underlying action. 28 U.S.C. §§ 2412(a)(1), (a)(2). A "prevailing party" is one who "has been awarded some relief by a court." *Buckhannon Bd. of Care & Home Inc. v. West Virginia Dep't of Health and Human Resources*, 532 U.S. 598, 603 (2001). The "prevailing party" language was intended to be broadly construed, and an applicant may be adjudged the prevailing party even where the EAJA action appears to have been mooted by the Defendants' remedial action in the underlying substantive suit. *See* H.R.

3

Rep. No. 99-120, 99 Cong., 1st Sess. (1985); H.R. Rep. No. 1418, 96 Cong., 2d Sess. (1980); S. Rep. No. 523, 96 Cong., 1st Sess. (1979); *see also Martin v. Heckler*, 773 F.2d 1145 (11th Cir. 1985) (en banc) (holding that plaintiff is prevailing party where action was mooted by defendant's remedial action subsequent to filing of suit).  The United States Supreme Court has held that a party may only be deemed a "prevailing party" where there has been an enforceable "alteration of the legal relationship of the parties," i.e., a judicially enforceable court order which memorializes the party's success in the substantive litigation.  *Buckhannon*, 532 U.S. at 621; *see also Farrar v. Hobby*, 506 U.S. 103, 111-12 (1992) ("In short, a plaintiff 'prevails' when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff.").  In addition, an EAJA fee applicant need not have prevailed on every issue in the substantive case; if the applicant prevailed on "any significant issue in litigation which achieve[d] some of the benefit the party sought in bringing suit," he is a prevailing party and may be compensated for that aspect of the case.  *Texas State Teachers Ass'n v. Garland Indep. School District*, 489 U.S. 782 (1989).  Indeed, plaintiffs have been held to be a "prevailing party" even where there is voluntary dismissal of the case.  *Illinois Migrant Council v. Pilliod*, 672 F. Supp. 1072 (N.D. Ill. 1987).

In the case at bar, the Plaintiff is clearly a prevailing party in the underlying action.  On September 21, 2005, the Plaintiff filed an Emergency Motion for Preliminary Injunctive Relief, accompanied by a Verified Complaint for Mandamus and Declaratory Judgment, with this Court.  The Court heard oral argument on September 27, 2005, at which time Defendants opposed the Plaintiff's prayer that they complete all remaining

processing of his adjustment of status application and issue him a permanent visa prior to the diversity visa deadline on September 30, 2005. As the Plaintiff made clear at the time, once the deadline had passed, it would become impossible as a matter of law for him to have his diversity visa-based application for adjustment of status adjudicated. On September 28, 2006, the Court issued an order granting the Plaintiff's motion for a preliminary injunction and ordering the Defendants to "immediately complete adjudication" of the Plaintiff's adjustment application, "without further delay and by no later than midnight on September 30, 2005." On September 29, 2005, the Plaintiff was required to appear before an officer of Defendant Citizenship and Immigration Services ("CIS") and to undergo a five hour re-interview on his adjustment application. On September 30, 2005, at approximately 3:15 p.m., the Plaintiff was advised by CIS that his application for adjustment of status had been approved. Defendants subsequently filed a motion to dismiss the Plaintiff's complaint as moot, which the Court granted on April 13, 2006.

The Court's September 28, 2005 order granting the Plaintiff's motion for preliminary injunction, and ordering the Defendants to take all appropriate action to immediately and expeditiously complete adjudication of his adjustment application, is incontrovertible evidence that the Plaintiff is the "prevailing party" in the underlying substantive action in this case. *See Buckhannon*, 532 U.S. at 621. Prior to issuance of the Court's order, the Defendants had unreasonably delayed their adjudication of the Plaintiff's adjustment application. Following issuance of the Court's order, adjudication of the Plaintiff's application was completed in two days' time and he was granted the relief sought, adjustment of status to lawful permanent residence. The alternative forms

of relief requested by the Plaintiff were not triggered because the principal relief sought had been granted. Inarguably, the decision rendered by this Court modified the Defendants' behavior in a way that directly benefited the Plaintiff, rendering him the "prevailing party" in the substantive action. *See id.*; *Farrar*, 506 U.S. at 111-12; *Texas State Teachers Ass'n*, 489 U.S. at 791-92.

### C. Defendants' Position Was Not Substantially Justified

Once an EAJA fee applicant has established prevailing party status, the Defendants can avoid payment of reasonable fees and costs only if they can demonstrate that their pre-litigation conduct and litigation position were "substantially justified." Under the EAJA,

> Whether or not the position of the United States was substantially justified shall be determined on the basis of the record (including the record with respect to the action *or failure to act by the agency* upon which the civil action is based) which is made in the civil action for which fees and other expenses are sought.

28 U.S.C. § 2412(d)(1)(B) (emphasis added). The burden of proving that its position was substantially justified rests with the Government, and the test is "reasonableness" in both law and fact. *See* H.R. Rep. No. 1418 at 10, 1980 U.S. Code Cong. & Admin. News 4989 ("Where the government can show that its case had a reasonable basis *both in law and fact*, no award will be made.") (emphasis added); *Pierce v. Underwood*, 487 U.S. 552, 565 (1988); *see also Dantran v. U.S. Dep't of Labor*, 246 F.3d 36, 41 (1st Cir. 2001) (holding that the appropriate burden of proof on the government is a "preponderance of the evidence").

In cases involving mandamus actions, such as the instant suit, this and other federal courts have held that unreasonable delay by the government is not substantially justified. *See, e.g.*, *Nadler v. INS*, 737 F. Supp. 658, 661 (D.D.C. 1989); *Jefrey v. INS*,

6

710 F. Supp. 486, 488-89 (S.D.N.Y. 1989).  In *Nadler*, the Immigration and Naturalization Service (INS) maintained that a nearly 2-year delay in adjudicating the plaintiff's adjustment of status application was "eminently reasonable," because to have made a decision earlier would have been unfair and to the plaintiff's "eventual detriment."  *Nadler*, 737 F. Supp. At 660-61.  This Court rejected the INS's argument:

> In this case, defendants' belated argument that the procedural delay was substantially justified is without a reasonable basis in fact.  Defendants' argument that the delay was intended to benefit plaintiff by allowing more time for a thorough investigation is merely speculative.  Further, there is no evidence that plaintiff's appeal before the Board of Immigration Appeals was the reason the INS took so long to adjudicate plaintiff's application for adjustment of status. *This is a simple case of agency delay*, which this Court already determined to be without merit.  Defendants have failed to show that the delay was substantially justified, and an award of attorneys' fees is therefore appropriate.

*Id.* (emphasis added); *see also Jefrey*, 710 F. Supp. at 489 (holding that INS delay was not substantially justified and that plaintiff was entitled to award of attorney's fees where INS could not locate his file for 16 months, until mandamus action was filed, and plaintiff's counsel thereafter agreed to discontinue action).

According to the statute, the "position of the United States" means "in addition to the position taken by the United States in the civil action, the action *or failure to act* by the agency upon which the civil action is based."  28 U.S.C. § 2412(d)(2)(D) (emphasis added); *see Dantran*, 246 F.3d at 41 ("To satisfy its burden, the government must justify not only its pre-litigation conduct but also its position throughout the litigation.").  A court evaluates whether the government's position is reasonable based on several factors, including the clarity of the governing law; the foreseeable length and complexity of the litigation; the consistency of the government's position; views expressed by other courts on the merits; legal merits of the government's position; and the stage at which the

7

litigation was resolved. *See generally Jean v. Nelson*, 863 F.2d 759, 767-68 (11th Cir. 1988), *aff'd*, *Commissioner, INS v. Jean*, 496 U.S. 154 (1990).

The Government may also avoid payment of EAJA fees and costs by demonstrating the existence of "special circumstances" that would make a fee award unjust. 28 U.S.C. § 2412(d)(1)(A). The "special circumstances" exception acts as a "safety valve" to permit the government to advance "novel but credible" legal theories and provide the courts discretion to deny awards for equitable considerations. H.R. Rep. No. 1418, 96th Cong., 2d Sess. at 11; *see also Taylor Group, Inc. v. Johnson*, 919 F. Supp. 1545, 1548 (M.D. Ala. 1996). Again, the burden of proof rests with the government. *See, e.g.*, *Love v. Reilly*, 924 F.2d 1492, 1495 (9th Cir. 1991); *Abela v. Gustafson*, 888 F.2d 1258, 1266 (9th Cir. 1989). This provision is to be narrowly construed so as not to interfere with or defeat the purpose of Congress in passing the EAJA. *See Martin*, 773 F.2d at 1149. Special circumstances include close or novel questions. *See, e.g.*, *National Truck Equip. Ass'n v. NHTSA*, 972 F.2d 669, 671 (6th Cir. 1992). Equitable considerations can mean that the prevailing party acted in bad faith or has "unclean hands." *Taylor v. United States*, 815 F.2d 249, 252-54 (3d Cir. 1987); *Oguachuba v. INS*, 706 F.2d 93, 98 (2d Cir. 1983).

In the case at bar, the Defendants cannot meet their burden of proving that their position in the underlying action – both during agency proceedings and in the course of litigation in this Court – was substantially justified. During administrative proceedings before CIS, the Plaintiff complied fully with all requirements imposed on him and performed what should have been more than necessary to obtain his immigrant status. Notwithstanding, the Defendants engaged in unreasonable inaction and delay, failing to

8

adjudicate the Plaintiff's adjustment of status application – despite his repeated inquiries and entreaties over the course of several months – until mere hours before expiration of the 2005 Diversity Visa Immigrant Visa Program.  The Plaintiff was compelled to file a mandamus action in this Court as a last resort, hoping to compel the Defendants to perform the non-discretionary, purely ministerial duty with which they were charged.  Even after the mandamus action was filed, the Defendants refused to acknowledge that their failure to act had been unreasonable, and they persisted in asserting the authority to adjudicate the Plaintiff's adjustment application whenever they deemed appropriate.  The Government's position, both during agency proceedings and before this Court, was not substantially justified in either law or fact.  *See, e.g.*, *Nadler*, 737 F. Supp. at 661; *Jefrey*, 710 F. Supp. at 489.

Furthermore, no "special circumstances" exist to justify the Defendants' inaction and unreasonable delay in this case.  The Defendants can point to no "novel but credible" arguments to explain their position, nor can they claim that equitable considerations should deprive the Plaintiff of an EAJA award, as the record contains no evidence that the Plaintiff acted at any point during his ordeal in bad faith or with "unclean hands."  *See National Truck Equip. Ass'n*, 972 F.2d at 671; *Taylor*, 815 F.2d at 252-54; *Oguachuba*, 706 F.2d at 98.

## V.     ATTORNEYS' FEES AND COSTS

EAJA provides that "fees awarded . . . shall be based on prevailing market rates for the kind and quality of the services furnished[.]"  28 U.S.C. § 2412(d)(2)(A).  As the Supreme Court has stated, "[t]he most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied

9

by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The statute caps the "prevailing market rate" at $125.00 per hour "unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A).

### A.      EAJA Statutory Rate Adjusted for Inflation

Plaintiff first requests that the Court adjust the statutory hourly rate of attorney compensation for inflation by using the Consumer Price Index for All Urban Consumers (CPI-U). *See, e.g.*, *Harris v. Sullivan*, 968 F.2d 263, 264-66 (2d Cir. 1992), and cases cited therein; *Sullivan v. Sullivan*, 958 F.2d 574, 578 (4th Cir. 1992). The Court is requested to adjust the fee according to the following oft-used formula:

$$\$125 \times \frac{\text{(current CPI-U)}}{\text{(March 1996 CPI-U)}}$$

*See Role Models Am., Inc. v. Brownlee*, 353 F.3d 962, 969 (D.C. Cir. 2004); *Ramon-Sepulveda v. INS*, 863 F.2d 1458, 1463 n.4 (9th Cir. 1988). Courts routinely approve cost-of-living adjustments, including the U.S. Court of Appeals for the District of Columbia Circuit. *Role Models Am., Inc.*, 353 F.3d at 969; *see, e.g.*, *Cooper v. United States R.R. Ret. Bd.*, 24 F.3d 1414, 1417 (D.C. Cir. 1994) (per curiam); *Jones v. Lujan*, 887 F.2d 1096, 1101 (D.C. Cir. 1989) (per curiam). Applying the regional CPI-U for September 2005 (the month in which the services were provided) to the above formula, the cost-of-living adjustment to the statutory hourly rate is as follows:

$$\$125 \times \frac{198.8}{155.7}$$

10

*See* U.S. Dep't of Labor, Bureau of Labor Statistics, Consumer Price Index – All Urban Users (CPI-U), September 2005, *available at* ftp://ftp.bls.gov/pub/special.requests/cpi/cpiai.txt. Using this formula, the adjusted hourly rate for attorney compensation is $159.60. Plaintiff requests the Court to apply such a cost-of-living adjustment to his EAJA fee award.

### B.     Enhanced Rates Based on Special Factors

The EAJA also authorizes increased attorney rates where a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee. 28 U.S.C. § 2412(d)(2)(A)(ii). The phrase "limited availability of qualified attorneys for the proceedings involved" has been interpreted by the Supreme Court to mean the following:

> We think it refers to attorneys having some distinctive knowledge or specialized skill needful for the litigation in question – as opposed to an extraordinary level of general lawyerly knowledge and ability useful in litigation. An example of the former would be an identifiable practice specialty such as patent law, or knowledge of foreign law or language.

*Pierce v. Underwood*, 487 U.S. 552, 572 (1988); *see also Role Models America, Inc.*, 353 F.3d at 968-69 (endorsing Supreme Court's special-factor enhancement analysis in *Pierce*). Several courts have recognized that a specialized knowledge of immigration law could warrant enhanced attorney rates. *See, e.g.*, *Rueda-Menicucci v. INS*, 132 F.3d 493 (9th Cir. 1997) (holding that "a specialty in immigration law could be a factor warranting an enhancement of the statutory rate" if that specialty is "needful for the litigation in question"); *Pollgreen v. Morris*, 911 F.2d 527, 537-38 (11th Cir. 1990) (finding that a "special factor" rate adjustment might be appropriate for attorneys who have a special expertise in immigration law); *Douglas v. Baker*, 809 F. Supp. 131, 135 (D.D.C. 1992)

11

(awarding enhanced EAJA rate base, in part, on attorney's extensive experience in immigration law). *But see National Ass'n of Mfrs. v. United States DOL*, 962 F. Supp. 191 (D.D.C. 1997).

In the case at bar, the Plaintiff's attorneys are experts in the specialized field of immigration law. The law firm of Elliot & Mayock LLP practices immigration law exclusively and specializes in complex or novel issues that often involve federal court litigation. The undersigned counsel, Thomas A. Elliot, has been practicing immigration law for 31 years, both in the federal government and in the private bar. He has distinctive knowledge and specialized skill, pertaining both to the Plaintiff's underlying adjustment of status proceedings before CIS and the substantive litigation before this Court, which was necessary to successfully advocate on behalf of the Plaintiff's interests. The Plaintiff thus seeks reimbursement for Mr. Elliot's services at an enhanced rate of $345.00 per hour.

In addition, Mr. Elliot's associate attorneys, Thomas K. Ragland and Fabienne Chatain, have each practiced immigration law for more than 10 years, in the federal government and in the private bar, and have extensive knowledge and specialized skill in both the administrative and federal court contexts. The Plaintiff thus seeks reimbursement for the associate attorneys' services at an enhanced rate of $255.00 per hour. Finally, the Plaintiff seeks reimbursement for paralegal services at a rate of $85.00 per hour. *See* 28 U.S.C. § 2412(d)(2)(A).

In sum, the Plaintiff requests reimbursement for attorneys' fees under the EAJA at an enhanced rate based on special factors, specifically, distinctive knowledge and specialized skill in immigration law and federal court litigation. *See Pierce*, 487 U.S. at

572; *Rueda-Menicucci*, 132 F.3d 493; *Pollgreen*, 911 F.2d at 537-38; *Douglas*, 809 F. Supp. at 135.  The Plaintiff also requests reimbursement for the costs incurred in connection with this litigation.  *See* 28 U.S.C. § 2412(a).

Attached are an itemized statement of attorneys' fees and an itemized statement of costs (Exhibit 2) that were incurred by the Plaintiff in these proceedings, along with an affidavit from the undersigned counsel attesting to the accuracy of these statements (Exhibit 1).

## VI.  CERTIFICATE OF COMPLIANCE WITH LOCAL RULE LCvR 7(m)

Pursuant to Local Rule 7(m) of the Untied States District Court for the District of Columbia, the undersigned counsel contacted Marina U. Braswell, Esquire, AUSA, on July 3, 2006, by e-mail transmission and to solicit Defendant's position on the instant application.  The undersigned counsel also called Ms. Braswell at her office.  The pre-recorded message stated that Ms. Braswell is out of her office from July 3 and returns July 17, 2006.  No return was received from the e-mail or the phone message.  Accordingly, Plaintiff is filing this pleading as a contested matter.

## VII.  CONCLUSION

Based on the foregoing, the Plaintiff prays that the Court grant his application for attorneys' fees and costs under the EAJA, 28 U.S.C. § 2412 and costs under Fed. R. Civ. P. 54(d) and LCvR 54.1 and 54.2.  The Plaintiff prays further that the Court order the Defendants to reimburse him for the fees of $19, 322.00 and costs of $851.76 he incurred during the course of this litigation, as set forth in the attached itemized statements of fees and costs.  Exhibit 2.

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this the 3rd day of July, 2006, the foregoing Plaintiff's Application for Attorneys' Fees and Costs was served via the Court's electronic transmission system, upon:

>Marina U. Braswell, Esquire
>Assistant U.S. Attorney
>U.S. Attorney's Office
>555 4th Street, N.W. – Civil Division
>Washington, D.C.  20530

>Respectfully submitted,
>
>ELLIOT & MAYOCK
>
>
>_____/S/_____
>Thomas A. Elliot
>
>1629 K Street, N.W., Suite 1250
>Washington, DC  20006
>(202) 429-1725
>DC Bar No. 259713
>
>Attorney for Plaintiff